NOT DESIGNATED FOR PUBLICATION

No. 130,068

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ANTHONY L. RICHMOND,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; ERIC WILLIAMS, judge. Submitted without oral argument. Opinion filed August 7, 2026. Affirmed.

Submitted by the parties for summary disposition under K.S.A. 21-6820(g) and (h).

Before WARNER, C.J., SCHROEDER, J., and JASON E. GEIER, District Judge, assigned.

PER CURIAM: Anthony L. Richmond timely appeals the district court's revocation of his probation and imposition of his underlying 72-month jail sentence following multiple probation violations. We granted Richmond's motion for summary disposition under Supreme Court Rule 7.041A (2026 Kan. S. Ct. R. at 48). After an extensive review of the record, we find no error and affirm the district court.

In June 2025, Richmond pled guilty to seven misdemeanors for acts committed in April 2025 and May 2025—two counts of intimidation of a victim or witness, three counts of domestic battery, and two counts of violation of a protective order. The district court sentenced Richmond to consecutive sentences totaling 72 months in jail and then placed him on supervised probation for 2 years. Among other conditions of probation, the district court specifically ordered Richmond to undergo a domestic violence offender

1

assessment (DVOA), follow all treatment recommendations, and have no contact with the victim.

Probation from the start did not go well. Richmond violated the terms of probation shortly after probation began. In September 2025, the State alleged seven probation violations, including:

- failure to report to the probation office in person on August 25, 2025, as directed by the court services officer;
- failure to gain and maintain full-time employment or provide proof of full-time employment;
- failure to complete the DVOA or provide proof of completion of the DVOA;
- failure to refrain from the use, possession, or consumption of drugs or alcohol as ordered by the court, and admitting to consuming alcohol on August 27, 2025;
- failure to abide by the no-contact order with the victim; and
- failure to make payments on his court costs, fees, and fines.

At the probation revocation hearing, Richmond admitted to all seven allegations. The district court found Richmond had violated the terms of his probation and was not amenable to probation based on his actions, or lack thereof. The district court revoked Richmond's probation and imposed the original sentence of 72 months in jail. Richmond requested a work release authorization as he had just obtained employment. Richmond also asked the district court to reduce his total sentence. The district court denied both requests based on Richmond's probation violations, describing Richmond as "a safety concern to the victim, the community, and himself."

On appeal, Richmond challenges the district court's decision to revoke his probation and impose his underlying 72-month jail sentence, claiming the district court abused its discretion.

Once the district court determines the defendant violated the terms of probation, the decision to revoke probation lies in the discretion of the district court, subject to statutory limitations. A district court abuses its discretion if its decision is based on an error of fact or law or is arbitrary, fanciful, or unreasonable. *State v. Tafolla*, 315 Kan. 324, 328, 508 P.3d 351 (2022). Richmond bears the burden to establish such abuse of discretion. See 315 Kan. at 332. To the extent we must interpret K.S.A. 22-3716, our review is unlimited. *State v. Coleman*, 311 Kan. 332, 334-35, 460 P.3d 828 (2020).

Richmond argues the district court abused its discretion by revoking his probation for "nonamenability without a specific factual finding, and denying the request for a modified sentence or work release authorization." But the district court was not required to make specific factual findings or impose intermediate sanctions as Richmond's original crimes of conviction were misdemeanor offenses. See K.S.A. 22-3716(b)(3)(B)(iii); *State v. Robles*, No. 125,687, 2023 WL 7985587, at *1 (Kan. App. 2023) (unpublished opinion). And Richmond admitted he violated the terms of his probation.

The district court made no error of law or fact. The district court was within its statutory authority and sound discretion in revoking Richmond's probation and imposing his underlying jail sentence.

Affirmed.